**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | No. 24-3208 |
| Plaintiff - Appellant, | D.C. No. 1:18-cv-00851-JLT-BAM |
| v. | MEMORANDUM[*] |
| D. KNOWLTON, California Correctional Institution at Tehachapi, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted August 19, 2025[**]

Before: SILVERMAN, HURWITZ, and BADE, Circuit Judges.

California state prisoner Lawrence Christopher Smith appeals pro se from

the district court's summary judgment for failure to exhaust administrative

remedies in his 42 U.S.C. § 1983 action alleging excessive force. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Smith failed to exhaust his administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit and describing limited circumstances under which administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Smith's motions for sanctions because Smith failed to establish any basis for the requested sanctions. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion by denying Smith's motion for reconsideration because Smith failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.

1993) (setting forth standard of review and grounds for reconsideration).

We reject as unsupported by the record Smith's contention that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Smith's motion "to be excused from brief standards" (Docket Entry No. 27) is granted. All other pending motions and requests are denied.

**AFFIRMED.**